1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MICHAEL J. MITCHELL,                          No.  2:15-cv-1167 AC P

12                     Plaintiff,

13         v.                                        ORDER and

14    SNOWDEN, et al.,                               FINDINGS AND RECOMMENDATIONS

15                     Defendants.

16

17         I.      Introduction

18         Plaintiff is a state prisoner who proceeds pro se and in forma pauperis with this civil rights

19    action filed pursuant to 42 U.S.C. § 1983.  Plaintiff is incarcerated at the California Medical

20    Facility (CMF), under the authority of the California Department of Corrections and

21    Rehabilitation (CDCR).  This action proceeds on plaintiff's original complaint, filed May 5,

22    2015,[1] against five correctional defendants.  See ECF No. 1.

23         Currently pending is defendants' motion to dismiss this action on the ground that plaintiff

24    commenced it after expiration of the statute of limitations.  See ECF No. 15.  Plaintiff has filed an

25    _____

26    [1]  Plaintiff's filing dates referenced herein are based on the prison mailbox rule, pursuant to which
      a document is deemed served or filed on the date a prisoner signs the document and gives it to
      prison officials for mailing.  See Houston v. Lack, 487 U.S. 266 (1988) (establishing prison
27    mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox
      rule to both state and federal filings by incarcerated inmates).

28

                                                  1

1    opposition, ECF No. 16, and supplement thereto, ECF No. 19; defendants have filed a reply, ECF

2    No. 20.  This matter is referred to the undersigned United States Magistrate Judge pursuant to 28

3    U.S.C. § 636(b)(1)(B) and Local Rule 302(c).  For the reasons set forth herein, this court

4    recommends that defendants' motion to dismiss be denied.

5            II.      Background

6            In this action, plaintiff pursues identical claims against the same defendants that he sued in

7    a prior civil rights action filed in this court on July 8, 2008.  See Mitchell v. Snowden et al., Case

8    No. 2:08-cv-01658 JAM DAD P (ECF No. 1).[2]  As in his prior case, plaintiff pursues Eighth

9    Amendment claims against defendants Compton, Larios, Seaton, Snowden and Vance, based on

10   their alleged failure to protect plaintiff from assault by three inmates on March 17, 2007.  Plaintiff

11   alleges that, as a result of the assaults, he suffered fractures to his nose, jaw, eye socket and

12   tibula; the loss of two molars (one ingested into his lung); brain damage; and psychological

13   trauma, including post-traumatic stress disorder.  Plaintiff alleges that some of his injuries are

14   permanent.  See ECF No. 1 at 6.  Plaintiff asserts that his assailants were found guilty of

15   assaulting him.  Id.

16           Review of plaintiff's prior case[3] indicates that it was dismissed without prejudice,

17   pursuant to Rule 41(b), Federal Rules of Civil Procedure, due to plaintiff's failure to prosecute

18   and to follow court orders. (See ECF No. 111 (Order filed April 25, 2013, adopting Findings and

19   Recommendations filed February 21, 2013 (ECF No. 105)).)  Plaintiff appealed the district

20   court's dismissal.  In a memorandum decision filed December 9, 2014, the Court of Appeals

21   affirmed the district court's order (ECF No. 126), and issued its mandate on December 31, 2014

22   (ECF No. 127).  Thereafter, on February 26, 2015, plaintiff filed a document entitled "Refile

23   Subsequent to Dismissal Without Prejudice."  (ECF No. 127.)  Receiving no response from the

24

25   [2]  Parenthetical citations to the court's Electronic Case File (ECF) reference plaintiff's 2008 case;
     ECF citations without parentheses reference the instant case.
     [3]  This court may take judicial notice of its own records and the records of other courts.  See
26   United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631
     F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts
27   that are capable of accurate determination by sources whose accuracy cannot reasonably be
     questioned).
28

                                                2

1    court, plaintiff filed his complaint in the present action on May 5, 2015.[4]

2         In his instant complaint, plaintiff initially avers, ECF No. 1 at 1:

3
          This is a subsequent complaint.  The initial (sic) was dismissed
          without prejudice.  I lost on appeal – with no response to my
4         request for reconsideration.

5         In screening the instant complaint pursuant to the Prison Litigation Reform Act (PLRA),

6    28 U.S.C. § 1915A(a), the undersigned opined as follows, ECF No. 5 at 3:

7
          The denial without prejudice of Mitchell v. Snowden et al., Case
          No. 2:08-cv-1658 JAM DAD P, allows plaintiff to refile the claims
8         he asserted in that case in a new action.  See Fed. R. Civ. P. 41(b);
          City of Santa Clara v. Andrus, 572 F.2d 660, 665 (9th Cir. 1978),
9         cert. denied, 439 U.S. 859 ("[t]he language 'without prejudice'
          avoids the "on the merits" effect of Rule 41(b) [Fed. R. Civ. P.],
10        and permits the filing of a new action by any party").  Moreover,
          comparison of the complaint in this action with the complaint in
11        plaintiff's prior action demonstrates that they are virtually identical.
          Therefore, for the well-stated reasons found in the prior case, see
12        Mitchell v. Snowden et al., Case No. 2:08-cv-1658 JAM DAD P,
          ECF No. 12 at 3-10, this court finds that the instant complaint states
13        cognizable Eighth Amendment claims against defendants Snowden,
          Vance, Larios, Seaton and Compton.
14
          While the instant action may be foreclosed by the statute of
15        limitations (the challenged conduct occurred in 2007, although the
          case was pending in the courts from 2008 to 2014), the court will
16        allow this matter, if applicable, to be fully developed by the parties
          on the present record.
17

18        This court ordered service of process on defendants who then responded with the instant

19   motion to dismiss, now fully briefed.  The parties dispute whether this action is barred by

20   expiration of the statute of limitations and whether plaintiff is entitled to equitable tolling.

21        III.    Legal Standards

22             A.     Legal Standards for Dismissal Under Rule 12(b)(6)

23        To survive a motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, a

24   complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

25   is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic

26

27   [4]  Subsequently, on October 8, 2015, an order was issued in plaintiff's prior case denying his
     motion to re-file as unnecessary and informing plaintiff that he would need to pursue his claims in
     a new action.  (See ECF No. 129.)
28

3

1    Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The court must accept as true the allegations of

2    the complaint, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and

3    construe the pleading in the light most favorable to plaintiff, Jenkins v. McKeithen, 395 U.S. 411,

4    421, reh'g denied, 396 U.S. 869 (1969).  Pro se pleadings are held to a less stringent standard than

5    those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).

6         The court may consider facts established by exhibits attached to the complaint.  Durning

7    v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts

8    that may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th

9    Cir. 1987); and matters of public record, including pleadings, orders, and similar papers filed with

10   the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986).  However,

11   "[a] motion to dismiss made under Federal Rule of Civil Procedure 12(b)(6) must be treated as a

12   motion for summary judgment under Federal Rule of Civil Procedure 56 if either party to the

13   motion to dismiss submits materials outside the pleadings in support or opposition to the motion,

14   and if the district court relies on those materials."  Anderson v. Angelone, 86 F.3d 932, 934 (9th

15   Cir.1996).

16        A district court may dismiss an action under Rule 12(b)(6) "[i]f the running of the statute

17   is apparent on the face of the complaint," and "only if the assertions of the complaint, read with

18   the required liberality, would not permit the plaintiff to prove that the statute was tolled."  Jablon

19   v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980).  A motion to dismiss based on the

20   statute of limitations cannot be granted "if the factual and legal issues are not sufficiently clear to

21   permit [the court] to determine with certainty whether the doctrine [of equitable tolling] could be

22   successfully invoked."  Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1207 (9th Cir.

23   1995).  Equitable tolling is not appropriately resolved on a motion to dismiss except in those

24   "unusual cases" where "some fact, evident from the face of the complaint, support[s] the

25   conclusion that the plaintiff could not prevail, as a matter of law, on the equitable tolling issue. . .

26   The sole issue is whether the complaint, liberally construed in light of our 'notice pleading'

27   system, adequately alleges facts showing the potential applicability of the equitable tolling

28   doctrine."  Cervantes v. City of San Diego, 5 F.3d 1273, 1276 (9th Cir. 1993) (citations omitted).

1                    B.        Legal Standards for Assessing the Statute of Limitations

2        "[B]ecause there is no specified statute of limitations for an action under 42 U.S.C. §

3    1983, the federal courts look to the law of the state in which the cause of action arose and apply

4    the state law of limitations governing an analogous cause of action."  Pouncil v. Tilton, 704 F.3d

5    568, 573 (9th Cir. 2012) (citation omitted).  "For actions under 42 U.S.C. § 1983, courts apply the

6    forum state's statute of limitations for personal injury actions, along with the forum state's law

7    regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent

8    with federal law."  Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); see also Azer v. Connell,

9    306 F.3d 930, 935-36 (9th Cir. 2002).

10        In California, the statute of limitations for personal injury actions is two years.  See Cal.

11    Code Civ. Proc. § 335.1; Maldonado v. Harris, 370 F.3d 945, 954-55 (9th Cir. 2004).  This

12    limitations period is statutorily tolled for another two years for prisoners serving less than a life

13    sentence, resulting in a total limitations period of four years; however, prisoners serving life

14    sentences are not entitled to this statutory tolling.  See Cal. Civ. Proc. Code § 352.1(a); Johnson v.

15    State of California, 207 F.3d 650, 654 (9th Cir. 2000).

16        Also in California, "the applicable statute of limitations must be tolled while a prisoner

17    completes the mandatory [administrative] exhaustion process."  Brown v. Valoff, 422 F.3d 926,

18    943 (9th Cir. 2005).  Because administrative exhaustion is statutorily required of prisoner civil

19    rights complaints under the Prison Litigation Reform Act (PLRA), see 42 U.S.C. § 1997e(a), this

20    requirement provides a federal statutory basis to invoke the state's equitable tolling.  See, e.g.,

21    Johnson v. Rivera, 272 F.3d 519 (7th Cir. 2001).

22        "Under California law, a plaintiff must meet three conditions to equitably toll a statute of

23    limitations:  (1) defendant must have had timely notice of the claim; (2) defendant must not be

24    prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct

25    must have been reasonable and in good faith."  Fink v. Shedler, 192 F.3d 911, 916 (9th Cir.

26    1999), cert. denied, 529 U.S. 1117 (2000) (citation omitted).

27        Finally, "[a]lthough state law determines the length of the limitations period, 'federal law

28    determines when a civil rights claim accrues.'"  Azer, 306 F.3d at 936 (quoting Morales v. City of

5

1    Los Angeles, 214 F.3d 1151, 1153-54 (9th Cir. 2000).  "Under federal law, a claim accrues when

2    the plaintiff knows or has reason to know of the injury which is the basis of the action."

3    TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999).

4           IV.    Discussion

5           The parties do not dispute that plaintiff's federal claims accrued on March 17, 2007.  On

6    that date, plaintiff was attacked by three inmates, allegedly due to defendants' deliberate

7    indifference to plaintiff's safety.  Thus, on March 17, 2007, plaintiff knew of his injuries and the

8    alleged facts supporting his Eighth Amendment claims against defendants.  See TwoRivers, 174

9    F.3d at 991.

10          California's applicable statute of limitations accorded plaintiff two years after the accrual

11   of his claims, or until March 17, 2009, to commence his federal action.  See Cal. Code Civ. Proc.

12   § 335.1 (two-year statute of limitations for personal injury actions).  Both plaintiff and defense

13   counsel assume that plaintiff also had an additional two years, or until March 17, 2011, to

14   commence this action based on his "disability of imprisonment."  See Cal. Civ. Proc. Code §

15   352.1(a) (two-year tolling due to disability of imprisonment for prisoners serving less than a life

16   term). [5]

17          Plaintiff is not entitled to tolling merely due to the fact that his prior identical action was

18   pending.  "[A] suit dismissed without prejudice is treated for statute of limitations purposes as if it

19   had never been filed."  Elmore v. Henderson, 227 F.3d 1009, 1011 (7th Cir. 2000).  Although

20

21   [5]  No party addresses whether plaintiff in fact qualifies for tolling based on the disability of
     imprisonment.  Plaintiff refers to himself as a "lifer," see ECF No. 16 at 3, which, literally
22   construed, would render inapplicable the disability of imprisonment.  However, resolution of this
     matter is unnecessary for the reasons discussed below.
23          Nor does any party address whether plaintiff is entitled to additional tolling during the
     period when he exhausted his administrative remedies.  See Brown, 422 F.3d at 943 (providing
24   for tolling pending administrative exhaustion).  Nevertheless, the weight of authority appears to
     support concurrent, rather than consecutive, tolling under these circumstances, rendering no net
25   benefit to plaintiff.  See e.g. Martin v. Biaggini, 2015 WL 1399240, 2015 U.S. Dist. LEXIS
     38778 (N.D. Cal. 2015) ("when there are multiple reasons for tolling, the tolling should be
26   concurrent, not consecutive, and plaintiff should not have additional time attached to the end of
     the limitations period when the administrative exhaustion occurred at a time when the statute of
27   limitations had not yet commenced").  Resolution of this matter is therefore also unnecessary
     here.
28

                                                      6

1    equitable tolling may apply if plaintiff seeks an alternate legal remedy on the same claim in

2    another forum, successive identical claims pursued in the same forum are not entitled to equitable

3    tolling.  See Bodar v. Riverside County Sheriff's Dep't, 2014 WL 2737815, at *5, 2014 U.S. Dist.

4    LEXIS 83110, at *13-5 (C.D. Cal. Mar. 28, 2014) (collecting cases), report and recommendation

5    adopted, 2014 WL 2741070, 2014 U.S. Dist. LEXIS 83092 (C.D. Cal. June 16, 2014).  Thus,

6    dismissal of plaintiff's prior action without prejudice allowed plaintiff to reassert his claims in a

7    new action as though the prior action had never been filed.  See Andrus, 572 F.2d at 665.

8           Accordingly, for the reasons noted above, plaintiff had until March 17, 2011 to commence

9    the instant action following dismissal of his previous suit.  However, plaintiff commenced the

10   instant action more than four years later, on May 5, 2015.  Thus, absent equitable tolling, this

11   action is untimely.

12          Under California law, plaintiff is entitled to equitable tolling based on a showing that (1)

13   defendants had timely notice of the claim; (2) defendants would not be prejudiced if required to

14   proceed in this action; and (3) plaintiff's conduct was reasonable and in good faith.  Fink, 192

15   F.3d at 916.  "California courts apply equitable tolling 'to prevent the unjust technical forfeiture

16   of causes of action, where the defendant would suffer no prejudice.'"  Jones v. Blanas, 393 F.3d

17   918, 928 (9th Cir. 2004) (quoting Lantzy v. Centex Homes 31 Cal. 4th 363, 370 (2003)).

18   "Application of California's equitable tolling doctrine 'requires a balancing of the injustice to the

19   plaintiff occasioned by the bar of his claim against the effect upon the important public interest or

20   policy expressed by the . . . limitations statute.'"  Jones at 928 (quoting Lantzy at 371).

21          Therefore, the court addresses in turn each of the factors identified in Fink.

22                 A.      Notice to Defendants

23          Defendants concede that they had timely notice of plaintiff's claims based on the

24   previously dismissed action.  See ECF No. 15, at 7:15-6.  However, they contend that plaintiff has

25   not acted reasonably or in good faith, and that being required to proceed with this action would be

26   prejudicial to defendants.

27                 B.      Prejudice to Defendants

28          Defendants contend that being required to proceed in the instant action would be

7

1    "substantially prejudicial" to them.  ECF No. 15 at 8.  Defendants assert that they "would be

2    significantly prejudiced if they were made to defend against Plaintiff's claims a second time,

3    when the previous lawsuit was pursued up to a dispositive motion, at great expense to the State.

4    Moreover, where the incident is alleged to have occurred nine years ago, memories fade and

5    evidence is lost."  ECF No. 15 at 7-8.  Defendants assert that plaintiff's unreasonable delay of the

6    prior action "forc[ed] the Defendants to incur substantial costs in defending a lawsuit that

7    Plaintiff brought, but did not diligently pursue."  ECF No. 20 at 4.  Defendants recount the

8    following, id. at 5 (fns. and citations to record omitted):

9
         In his previous 2008 action, Plaintiff filed approximately nineteen
10       requests for extensions of time.   Four of his requests were
         unnecessary and denied as moot, a second request to further extend
11       discovery was denied; however, Plaintiff received more than 300
         additional days to respond to Defendants' motions.  Further, the
12       Court, sua sponte, provided Plaintiff with additional time
         extensions to respond to Defendants' summary-judgment motion.
13       And, despite the significant delay Plaintiff's repeated extensions
         caused, Defendants did not object to his requests for additional
14       time.   While his previous lawsuit was on-going, Plaintiff was
         provided with nearly an additional year of time to pursue it.  Yet,
15       Plaintiff failed to comply with the court's order to oppose
         Defendants' summary-judgment motion, leaving the court no
         choice but to dismiss his lawsuit.
16

17      Defendants contend that "[u]nreasonable delay creates a presumption of injury to the

18   defense," Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986) (citation omitted), and that,

19   "[w]hen considering prejudice to the defendant, the failure to prosecute diligently is sufficient by

20   itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant

21   from the failure. . . . The law presumes injury from unreasonable delay."  In re Eisen, 31 F.3d

22   1447, 1452 (9th Cir. 1994).  However, these considerations guide the court in determining

23   whether to dismiss a case, not in determining the appropriateness of equitable tolling.

24      Within the context of equitable tolling, "[f]airness to the defendant requires that a case be

25   brought when memories have not been affected by time, when all pertinent witnesses can still be

26   called, and when physical evidence has not been destroyed or dispersed."  Jones, 393 F.3d at 928.

27   These considerations reflect the "public policy interest in ensuring prompt resolution of legal

28   claims."  Id. (citation omitted).  Application of these factors demonstrates minimal prejudice to

1  defendants if required to proceed in the instant case.  The period of time between the Court of

2  Appeals' affirmance of dismissal in plaintiff's prior case (December 31, 2014), and plaintiff's

3  commencement of the instant action (May 5, 2015), was little more than four months.  The

4  Deputy Attorney General assigned to plaintiff's prior case is also assigned to plaintiff's instant

5  case.  In plaintiff's prior case, defense counsel conducted discovery over a period of ten months

6  (May 27, 2011 through March 30, 2012), which included taking plaintiff's deposition on

7  December 5, 2011.  "As a general proposition, depositions taken in a prior proceeding are

8  admissible in subsequent actions when there is 'substantial identity of parties and issues[.]'"

9  Fullerform Continuous Pipe Corp. v. Am. Pipe & Const. Co., 44 F.R.D. 453, 455 (D. Ariz. 1968).

10  Defense counsel obtained sufficient evidence to propose the disposition of plaintiff's prior case

11  on summary judgment.  That motion included the declaration of each defendant, memorializing

12  their recollection of pertinent events as of June 2012.  Thus, contrary to defendants' argument,

13  proceeding with the instant case would ensure that the evidence obtained and expenses incurred

14  by the State in plaintiff's prior case are not wasted.

15      For these reasons, the court finds that proceeding with the instant case would not

16  significantly prejudice defendants.[6]

17          C.      Plaintiff's Conduct

18      Plaintiff asserts that he has acted reasonably and in good faith in bringing the instant

19  action, particularly in light of his ongoing and well documented mental health challenges and

20  numerous prison transfers.  Plaintiff attests that he "has accepted responsibility for his role in the

21  initial complaint having been dismissed."  ECF No. 16 at 2; see also id. at 3 (plaintiff "accept[s]

22  responsibility for his roll (sic) in causing the previous [judge] to dismiss the first case").  Plaintiff

23  states that he accepts responsibility "with sincerity and to show the court he is accountable and

24  remorseful," and states that his monthly payments toward the filing fee in both actions, pursuant

25  to his in forma pauperis status, should "suffice as discipline" and demonstration of his sincerity.

26

27  [6]  Should the district court adopt these Findings and Recommendations, the undersigned will set
an expedited litigation schedule in light of the discovery previously conducted.  This will further
reduce any negative impact of the delay on the parties.

28

9

1    Id. at 3.  Additionally, plaintiff now "swear[s] to follow any/all orders in a timely manner.  And

2    sincerely appolgizes[s] (sic) to and thank[s] the court for this second opportunity to seek it's [the

3    court's] justice in this matter."  ECF No. 1 at 3.

4         Defendants contend that the dismissal of plaintiff's prior action, and plaintiff's current

5    acknowledgment of responsibility for the dismissal, demonstrate that his conduct was neither

6    reasonable nor in good faith.  Defendants emphasize that the prior action was dismissed due only

7    to plaintiff's "own actions, inaction, and failure to follow court orders."  ECF No. 15 at 8.

8         Plaintiff's concession of responsibility for the dismissal of his prior action is not a

9    concession of bad faith or unreasonableness, however.  Rather, his concession is premised on

10   prior circumstances involving his mental health and frequent prison transfers.  The docket in

11   plaintiff's prior case confirms numerous transfers.  When plaintiff commenced that action in July

12   2008, he was incarcerated at California State Prison-Sacramento (CSP-SAC).  He was transferred

13   in February 2010 to California State Prison-Los Angeles County (CSP-LAC); in January 2011 to

14   the California Medical Facility (CMF); in February 2011 to CSP-LAC; in September 2011 to

15   Pelican Bay State Prison (PBSP); in June 2012 to Deuel Vocational Institution (DVI); in June

16   2012 to Mule Creek State Prison (MCSP); and in August 2012 to R.J. Donovan Correctional

17   Facility (RJDCF).  Each of these transfers necessarily resulted in the separate movement and

18   delayed receipt of plaintiff's legal property, and plaintiff's acclimation to each prison's

19   procedures concerning access to the law library.

20        The record also documents plaintiff's serious mental health challenges, including

21   "numerous hospitalizations for both medical and mental health reasons" and "attempted suicide

22   twice."  ECF No. 16 at 2.  Plaintiff accurately notes that the court previously "graciously allowed

23   [plaintiff] unspecified [extensions of] time, during [plaintiff's] hospitalization, and required

24   defense counsel to file monthly status reports in the case."  Id.  Review of the docket in plaintiff's

25   prior case indicates that, on September 7, 2011, following numerous extensions of time, the court

26   vacated all dates when plaintiff was moved to an inpatient mental health unit, and directed

27   defense counsel to file monthly status reports advising the court of the status of plaintiff's

28   ////

10

1   housing.[7]  Nevertheless, within a month, defendants filed a status report informing the court that

2   plaintiff's mental health condition had improved and that he had been transferred to an Enhanced

3   Outpatient Program.  (See ECF No. 63.)  Plaintiff received his legal property on or before

4   November 3, 2011, and the court extended the discovery deadline to March 30, 2012.  (See ECF

5   No. 86 at 2.)  It is at this juncture, on June 8, 2012, that defendants filed and served their motion

6   for summary judgment.  (ECF No. 81.)  However, as earlier noted, plaintiff was transferred twice

7   in June 2012, and again in August 2012.

8          On October 30, 2012, after according plaintiff several extensions of time to file and serve

9   an opposition to defendants' motion, the magistrate judge issued findings and recommendations

10  recommending dismissal of the action.  (ECF No. 98.)  Plaintiff filed objections, noting

11  difficulties in copying and mailing his opposition, and the court vacated its findings and

12  recommendations.  (ECF No. 103.)  On February 21, 2013, the magistrate judge denied any

13  further extensions of time and again recommended dismissal of the action "due to plaintiff's

14  failure to prosecute this action and his failure to comply with the court's orders."  (ECF No. 105

15  at 3.)  The district judge adopted the magistrate judge's findings and recommendations on April

16  25, 2013.  (ECF No. 111.)  The Court of Appeals affirmed the dismissal by written decision and

17  mandate issued December 31, 2014.[8]  (ECF Nos. 126, 127.)

18

_____

19  [7]  The court's September 7, 2011 order (ECF No. 61) provided in pertinent part:

              Defendants contend that they have been unable to depose plaintiff

20            because his psychiatric condition has deteriorated, and he is in an
              inpatient mental health unit where he is without access to his legal
              and personal property.  According to defendants, plaintiff is unable

21            to testify at a deposition by video or otherwise participate in the
              litigation of this action at the present time.   [¶]  Good cause

22            appearing, the court will grant defendants' motion to modify the
              scheduling order in this case.  The court will vacate the deadlines

23            for discovery and dispositive motions.  In addition, however, the
              court will order defense counsel to file a status report on the first

24            court day of each month hereafter, advising the court of the status
              of plaintiff's condition and housing. Once plaintiff is able to

25            participate in his deposition, the court will re-set a schedule for this
              litigation.

26  [8]  The Court of Appeal affirmed the dismissal on the following grounds (ECF No. 126 at 2):
    "The district court did not abuse its discretion in dismissing Mitchell's action because Mitchell

27  failed to comply with the court's order to file a response to defendants' motion for summary
    judgment despite being afforded ample time to do so and being warned that failure to do so could

28  (continued…)

1    Plaintiff contends that his attempt to file and serve his opposition to defendants' motion

2    for summary judgment was frustrated by a nonfunctioning copy machine and the failure of prison

3    officials to mail plaintiff's only complete copy of his opposition.  Plaintiff asserts that, according

4    to the prison mailbox rule, his opposition was timely.  He also asserts that he "can now show,

5    with high probability, official 'foul play.'"  ECF No. 16 at 4.  The court initially credited, then

6    rejected, these allegations in the prior case.[9]

7    Plaintiff now further contends that "following [his] diligent pursuit of the matter re: the

8    missing opposition filing, [plaintiff] was put in the hole (administrative segregation) for nine

9    months for bogus reasons, during that time a known enemy was allowed to [e]nter [plaintiff's]

10   single man cell to destroy his personal property, to include and in particular his legal property."

11   ECF No. 16 at 4.  Plaintiff has submitted a copy of an official notice informing plaintiff that his

12   cell and paperwork were vandalized by another inmate on May 13, 2013.  Id. at 5.  Plaintiff states

13   that "[f]ortunately, I had copies at home of some."  Id. at 4.  Most significantly, plaintiff now

14   avers that he "has not had any further suicide attempts.  Nor has he required any further

15   hospitalizations for suicidal ideas since 2012.  Thanks in part to better psychiatric mediation."  Id.

16   at 3.

17   While dismissal of plaintiff's prior case was appropriate in light of plaintiff's

18   undependable conduct and apparent inability to proceed despite numerous extensions of time, this

19   court finds that plaintiff's serious mental illness and numerous prison transfers caused those

20   delays and demonstrate that plaintiff was not acting in bad faith during the course of his prior

21   _____

22   result in dismissal of his action.  See [Pagtalunan v. Galaza, 291 F.3d 639, 640-41 (9th Cir. 2002)] at 642-43 (discussing five factors to consider in deciding whether to dismiss for failure to comply with a court order)."

23   [9]  The court initially concluded that "plaintiff has made a credible showing that he attempted to file a timely opposition to the pending motion for summary judgment on October 11, 2012."

24   (ECF No. 103 at 2.)  It is for this reason that the court vacated its initial findings and recommendations and granted plaintiff a "final" extension of time of fourteen days absent a

25   showing of "extraordinary circumstances."  (Id.)  However, plaintiff's efforts to persuade the court that he needed additional time to draft a new and complete opposition, largely because the

26   only available copy machine was not working from mid-September 2012 to October 22, 2012, were unheeded.  Plaintiff has again submitted a copy of a CDCR Form 22 verifying that the copy

27   machine in the prison law library was not working during this period.  See ECF No. 16 at 6 (also submitted at ECF No. 104 at 6).

28

12

1   action.  The court further finds that plaintiff has not acted in bad faith or unreasonably in bringing

2   the instant action.  As a practical matter, plaintiff waited only four months after the Court of

3   Appeals' affirmance of dismissal in his prior case before he commenced the instant case.

4   Plaintiff could not have initiated a new action on his claims prior to the Court of Appeals'

5   decision in his previous case.  It would have been impossible for plaintiff to commence the instant

6   action prior to expiration of the statute of limitations, because the previous case was still pending

7   when the limitations period expired on March 17, 2011. [10]  Plaintiff's filing of the instant action

8   after December 31, 2014, when dismissal of his prior case was final, therefore cannot be

9   considered unreasonable.

10      The court further finds that plaintiff did not act unreasonably in waiting nearly two

11   months thereafter, until February 26, 2015, to file his request to "refile" his prior action (ECF No.

12   128), and then, receiving no response, waiting another two months before commencing this action

13   on May 5, 2015, ECF No. 1).  These delays were relatively insignificant and reflect neither

14   unreasonableness nor bad faith on plaintiff's part.

15      For all of these reasons, and considering the totality of the circumstances, this court finds

16   that plaintiff has acted reasonably and in good faith in commencing the instant action.

17                    D.      Conclusions On Equitable Tolling

18      For the foregoing reasons, the court finds that each of the requirements for equitable

19   tolling have been satisfied in the instant case:  defendants had timely notice of plaintiff's claims;

20   defendants will not be prejudiced if required to proceed; and plaintiff's delay in filing this action

21   was reasonable and in good faith.  Fink, 192 F.3d at 916.  These findings support the court's

22   conclusion that plaintiff is entitled to equitable tolling for the period March 17, 2011 (expiration

23   of the statute of limitations) through May 5, 2015 (the filing date of this action) to prevent the

24   technical forfeiture of this action.  Id., see also Jones, 393 F.3d at 928.  Plaintiff's present

25   psychiatric stability, his consistent placement at the California Medical Facility since the

26

27   [10]  The same would be true if the applicable statute of limitations was two years instead of four,
     and thus expired on March 17, 2009.

28

13

1   commencement of this action, and his commitment to adhere to deadlines in the instant case,

2   indicate that the circumstances giving rise to dismissal of the previous case no longer pose an

3   impediment to plaintiff's pursuit of his claims.  Accordingly, the undersigned recommends that

4   defendant's motion to dismiss be denied.

5           V.      Conclusion

6           Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a

7   district judge to this action.

8           Further, for the reasons set forth above, IT IS HEREBY RECOMMENDED that:

9           1.  Defendants' motion to dismiss, ECF No. 15, be denied.

10          2.  Should the district judge adopt these findings and recommendations, defendants be

11  required to file and serve an answer to the complaint within twenty-one days after the filing date

12  of the district judge's order.

13          3.  Should the district judge adopt these findings and recommendations, this case be

14  referred back to the undersigned magistrate judge for further proceedings.

15          These findings and recommendations are submitted to the United States District Judge

16  assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty one days

17  after being served with these findings and recommendations, any party may file written

18  objections with the court and serve a copy on all parties.  Such a document should be captioned

19  "Objections to Magistrate Judge's Findings and Recommendations."   The parties are advised that

20  failure to file objections within the specified time may waive the right to appeal the District

21  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

22  DATED: May 12, 2016

23  _____

24  ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

25

26

27

28

                                    14