Case 2:15-cv-01167-TLN-AC   Document 23   Filed 06/10/16   Page 1 of 12

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. MITCHELL,<br><br>    Plaintiff,<br><br>    v.<br><br>SNOWDEN, et al.,<br><br>    Defendants. | No. 2:15-cv-1167 TLN AC P<br><br><br>AMENDED ORDER and<br><br>FINDINGS AND RECOMMENDATIONS[1] |

I.    Introduction

Plaintiff is a state prisoner who proceeds pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at the California Medical Facility (CMF), under the authority of the California Department of Corrections and Rehabilitation (CDCR). This action proceeds on plaintiff's original complaint, filed May 5, 2015,[2] against five correctional defendants. See ECF No. 1.

Currently pending is defendants' motion to dismiss this action on statute of limitations

---

[1] The filing of this Amended Order and Findings and Recommendations will vacate this court's Order and Findings and Recommendations filed May 12, 2016, see ECF No. 21.

[2] Plaintiff's filing dates referenced herein are based on the prison mailbox rule, pursuant to which a document is deemed served or filed on the date a prisoner signs the document and gives it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying mailbox rule to both state and federal filings by incarcerated inmates).

1

grounds. See ECF No. 15. Plaintiff filed an opposition, ECF No. 16, and supplement thereto, ECF No. 19; defendants filed a reply, ECF No. 20. These matters are referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c).

On May 12, 2016, this court issued an Order and Findings and Recommendations that recommended the denial of defendants' motion to dismiss. See ECF No. 21. Having considered defendants' objections, see ECF No. 22, and for the reasons stated herein, this court now recommends that defendants' motion to dismiss be granted.

II.     Background

Pursuant to this action, plaintiff pursues identical claims against the same defendants that he pursued in a prior civil rights action filed in this court on July 8, 2008. See Mitchell v. Snowden et al., Case No. 2:08-cv-01658 JAM DAD P (ECF No. 1).[3] As in his prior case, plaintiff pursues Eighth Amendment claims against defendants Compton, Larios, Seaton, Snowden and Vance, based on their alleged failure to protect plaintiff from assault by three inmates on March 17, 2007.[4]

Review of plaintiff's prior case[5] indicates that it was dismissed without prejudice, pursuant to Rule 41(b), Federal Rules of Civil Procedure, due to plaintiff's failure to prosecute and to follow court orders. (See ECF No. 111 (Order filed April 25, 2013, adopting Findings and Recommendations filed February 21, 2013 (ECF No. 105)).) Plaintiff appealed the district court's dismissal. In a memorandum decision filed December 9, 2014, the Ninth Circuit Court of Appeals affirmed the district court's order (ECF No. 126), and issued its mandate on December 31, 2014 (ECF No. 127). Thereafter, on February 26, 2015, plaintiff filed a document entitled

---

[3] Parenthetical citations to the court's Electronic Case File (ECF) reference plaintiff's 2008 case; ECF citations without parentheses reference the instant case.

[4] Plaintiff alleges that he suffered fractures to his nose, jaw, eye socket and tibula; the loss of two molars (one ingested into his lung); brain damage; and psychological trauma, including post-traumatic stress disorder. Plaintiff alleges that some of his injuries are permanent. See ECF No. 1 at 6. Plaintiff avers that his assailants were found guilty of assaulting him. Id.

[5] This court may take judicial notice of its own records and the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

"Refile Subsequent to Dismissal Without Prejudice." (ECF No. 127.) Receiving no response from the court,[6] plaintiff filed his complaint in the present action on May 5, 2015.

In his instant complaint, plaintiff initially avers, ECF No. 1 at 1:

> This is a subsequent complaint. The initial (sic) was dismissed without prejudice. I lost on appeal – with no response to my request for reconsideration.

In screening the instant complaint pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A(a), the undersigned opined as follows, ECF No. 5 at 3:

> The denial without prejudice of Mitchell v. Snowden et al., Case No. 2:08-cv-1658 JAM DAD P, allows plaintiff to refile the claims he asserted in that case in a new action. See Fed. R. Civ. P. 41(b); City of Santa Clara v. Andrus, 572 F.2d 660, 665 (9th Cir. 1978), cert. denied, 439 U.S. 859 ("[t]he language 'without prejudice' avoids the "on the merits" effect of Rule 41(b) [Fed. R. Civ. P.], and permits the filing of a new action by any party"). Moreover, comparison of the complaint in this action with the complaint in plaintiff's prior action demonstrates that they are virtually identical. Therefore, for the well-stated reasons found in the prior case, see Mitchell v. Snowden et al., Case No. 2:08-cv-1658 JAM DAD P, ECF No. 12 at 3-10, this court finds that the instant complaint states cognizable Eighth Amendment claims against defendants Snowden, Vance, Larios, Seaton and Compton.
>
> While the instant action may be foreclosed by the statute of limitations (the challenged conduct occurred in 2007, although the case was pending in the courts from 2008 to 2014), the court will allow this matter, if applicable, to be fully developed by the parties on the present record.

This court ordered service of process on defendants who responded with the instant motion to dismiss, now fully briefed. The parties dispute whether this action is barred by expiration of the statute of limitations.

III.   Legal Standards

A.   Legal Standards for Dismissal Under Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

---

[6] Subsequently, on October 8, 2015, an order was issued in plaintiff's prior case denying his motion to re-file as unnecessary and informing plaintiff that he would need to pursue his claims in a new action. (See ECF No. 129.)

3

1  is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic
2  Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court must accept as true the allegations of
3  the complaint, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and
4  construe the pleading in the light most favorable to plaintiff, Jenkins v. McKeithen, 395 U.S. 411,
5  421, reh'g denied, 396 U.S. 869 (1969). Pro se pleadings are held to a less stringent standard than
6  those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).

7      The court may consider facts established by exhibits attached to the complaint. Durning
8  v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts
9  that may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th
10 Cir. 1987); and matters of public record, including pleadings, orders, and similar papers filed with
11 the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). However,
12 "[a] motion to dismiss made under Federal Rule of Civil Procedure 12(b)(6) must be treated as a
13 motion for summary judgment under Federal Rule of Civil Procedure 56 if either party to the
14 motion to dismiss submits materials outside the pleadings in support or opposition to the motion,
15 and if the district court relies on those materials." Anderson v. Angelone, 86 F.3d 932, 934 (9th
16 Cir.1996).

17     A district court may dismiss an action under Rule 12(b)(6) "[i]f the running of the statute
18 is apparent on the face of the complaint," and "only if the assertions of the complaint, read with
19 the required liberality, would not permit the plaintiff to prove that the statute was tolled." Jablon
20 v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980). A motion to dismiss based on the
21 statute of limitations cannot be granted "if the factual and legal issues are not sufficiently clear to
22 permit [the court] to determine with certainty whether the doctrine [of equitable tolling] could be
23 successfully invoked." Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1207 (9th Cir.
24 1995). Equitable tolling is not appropriately resolved on a motion to dismiss except in those
25 "unusual cases" where "some fact, evident from the face of the complaint, support[s] the
26 conclusion that the plaintiff could not prevail, as a matter of law, on the equitable tolling issue. . .
27 The sole issue is whether the complaint, liberally construed in light of our 'notice pleading'
28 system, adequately alleges facts showing the potential applicability of the equitable tolling

1 doctrine." Cervantes v. City of San Diego, 5 F.3d 1273, 1276 (9th Cir. 1993) (citations omitted).

2                 B.        <u>Legal Standards for Determining Applicable Statute of Limitations</u>

3       "[B]ecause there is no specified statute of limitations for an action under 42 U.S.C. §

4 1983, the federal courts look to the law of the state in which the cause of action arose and apply

5 the state law of limitations governing an analogous cause of action." Pouncil v. Tilton, 704 F.3d

6 568, 573 (9th Cir. 2012) (citation omitted). "For actions under 42 U.S.C. § 1983, courts apply the

7 forum state's statute of limitations for personal injury actions, along with the forum state's law

8 regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent

9 with federal law." Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); see also Azer v. Connell,

10 306 F.3d 930, 935-36 (9th Cir. 2002).

11       In California, the statute of limitations for personal injury actions is two years. See Cal.

12 Code Civ. Proc. § 335.1; Maldonado v. Harris, 370 F.3d 945, 954-55 (9th Cir. 2004). This

13 limitations period is statutorily tolled for another two years for prisoners serving less than a life

14 sentence, resulting in a total limitations period of four years; however, prisoners serving life

15 sentences are not entitled to this statutory tolling. See Cal. Civ. Proc. Code § 352.1(a); Johnson v.

16 State of California, 207 F.3d 650, 654 (9th Cir. 2000).

17       The statute of limitations commences to run on the accrual date of plaintiff's claim.

18 "Although state law determines the length of the limitations period, 'federal law determines when

19 a civil rights claim accrues.'" Azer, 306 F.3d at 936 (quoting Morales v. City of Los Angeles,

20 214 F.3d 1151, 1153-54 (9th Cir. 2000). "Under federal law, a claim accrues when the plaintiff

21 knows or has reason to know of the injury which is the basis of the action." TwoRivers v. Lewis,

22 174 F.3d 987, 991 (9th Cir. 1999).

23       Significantly, "a suit dismissed without prejudice is treated for statute of limitations

24 purposes as if it had never been filed." Elmore v. Henderson, 227 F.3d 1009, 1011 (7th Cir.

25 2000) (citations omitted). Conversely, "a prescriptive period is not tolled by filing a complaint

26 that is subsequently dismissed without prejudice." Chico-Velez v. Roche Products, Inc., 139 F.3d

27 56, 59 (1st Cir. 1998). Thus, "[i]n instances where a complaint is timely filed and later dismissed,

28 the timely filing of the complaint does not 'toll' or suspend the [] limitations period." O'Donnell

5

v. Vencor Inc., 466 F.3d 1104, 1109 (9th Cir. 2006) (per curiam); see also Wood v. Elling Corporation, 20 Cal. 3d 353, 359 (1977) ("'In the absence of a statute, a party cannot deduct from the period of the statute of limitations . . . the time consumed by the pendency of an action in which he sought to have the matter adjudicated, but which was dismissed without prejudice to him.'" (Quoting 51 Am. Jur. 2d, Limitation of Actions, § 311, p. 813.)). "[I]f the suit is dismissed without prejudice, meaning that it can be refiled, then the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing." Elmore, 227 F.3d at 1011.

### C.     Legal Standards for Equitable Tolling

This court must apply California law governing equitable tolling. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). "California courts apply equitable tolling 'to prevent the unjust technical forfeiture of causes of action, where the defendant would suffer no prejudice.'" Id. at 928 (quoting Lantzy v. Centex Homes 31 Cal. 4th 363, 370 (2003)). "Application of California's equitable tolling doctrine 'requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the . . . limitations statute.'" Jones at 928 (quoting Lantzy at 371). These principles apply only in the specific circumstances set forth below.

In California, when a plaintiff pursues identical claims in two different actions, equitable tolling applies during the pendency of the prior action only if it was filed in a different forum; successive identical claims pursued in the same forum are not entitled to equitable tolling. See Martell v. Antelope Valley Hosp. Med. Ctr., 67 Cal. App. 4th 978, 985 (1998) (citations omitted) ("[u]nder equitable tolling, the statute of limitations in one forum is tolled as a claim is being pursued in another forum"). "The doctrine of equitable tolling . . . only applies where the plaintiff has alternate remedies and has acted in good faith." Thomas v. Gilliland, 95 Cal. App. 4th 427, 434 (Cal. App. 2nd Dist. 2002). "Under California law, equitable tolling 'relieves plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage.'" Cervantes, 5 F.3d at

1275 (quoting Addison v. California, 21 Cal. 3d 313, 317 (1978)); see also Elkins v. Derby, 12 Cal. 3d 410, 414 (1974) ("the running of the limitations period is tolled when an injured person has several legal remedies and, reasonably and in good faith, pursues one") (citations and internal quotation marks and punctuation omitted).  See Bodar v. Riverside County Sheriff's Dep't, 2014 WL 2737815, at *5, 2014 U.S. Dist. LEXIS 83110, at *13-5 (C.D. Cal. Mar. 28, 2014) (Case No. 11-cv-DSF OP) (collecting cases), report and recommendation adopted, 2014 WL 2741070, 2014 U.S. Dist. LEXIS 83092 (C.D. Cal. June 16, 2014).

Additional conditions must also be met.  "A plaintiff's pursuit of a remedy in another forum equitably tolls the limitations period if the plaintiff's actions satisfy these factors:  1) timely notice to the defendants in filing the first claim; 2) lack of prejudice to the defendants in gathering evidence for the second claim; and 3) good faith and reasonable conduct in filing the second claim." Cervantes, 5 F.3d at 1275 (citations omitted); accord, Fink v. Shedler, 192 F.3d 911, 916 (9th Cir. 1999), cert. denied, 529 U.S. 1117 (2000).

Equitable tolling under these circumstances serves the following policy considerations: "First, it serves the fundamental purpose of the statutes of limitations by providing timely notice of claims to defendants, without imposing the costs of forfeiture on plaintiffs.  Second, it avoids the hardship of compelling plaintiffs to pursue several duplicative actions simultaneously on the same set of facts.  Third, it lessens the costs incurred by courts and other dispute resolution tribunals, because disposition of a case filed in one forum may render proceedings in the second unnecessary or easier and less expensive to resolve." Downs v. Department of Water & Power, 58 Cal. App. 4th 1093, 1100 (Cal. App. 2nd Dist. 1997) (citations omitted).

In contrast, when a plaintiff pursues the same claim in the same forum, as in the instant case, the statute of limitations may be tolled under California law only under a "general equitable rule" known as the "Bollinger rule."  See Bollinger v. National Fire Ins. Co., 25 Cal. 2d 399, 410 (1944)).  In Bollinger, "(1) the trial court had erroneously granted the initial nonsuit, (2) dilatory tactics on the part of the defendant had prevented disposition of the first action in time to permit a [timely] second filing . . . , and (3) plaintiff had at all times proceeded in a diligent manner." Wood, 20 Cal. 3d at 361 (citing Bollinger, 25 Cal. 2d at 406).  "[T]he concurrence of the three

1  factors present in Bollinger is essential to an application of the rule stated therein." Wood, 20
2  Cal. 3d at 360; see also, Allen v. Greyhound Lines, Inc., 656 F.2d 418, 421 (9th Cir. 1981) ("the
3  California Supreme Court in Wood . . . limited Bollinger to its facts . . . [requiring that] plaintiff
4  must demonstrate the existence of those three factors present in Bollinger"); accord, Hu v. Silgan
5  Containers Corporation, 70 Cal. App. 4th 1261, 1271 (Cal. App. 3rd Dist. 1999) ("the [California]
6  Supreme Court held Bollinger involved "a peculiar sequence of events deemed to be of
7  controlling importance") (citing Neff v. New York Life Ins. Co., 30 Cal.2d 165 (1947)).

       Essential to application of the Bollinger rule is "the fact that the plaintiff is [otherwise] left without a judicial forum for resolution of the claim . . . attributable to forces outside the control of the plaintiff." Hull v. Central Pathology Service Medical Clinic, 28 Cal. App. 4th 1328, 1336 (Cal. App. 2nd Dist. 1994) (citing Wood, 20 Cal. 3d at 361-62). Tolling under the "Bollinger rule" is thus intended to "'serve the ends of justice where technical forfeitures would unjustifiably prevent a trial on the merits.'" Addison, 21 Cal. 3d at 318-19 (quoting Bollinger, 25 Cal. 2d at 410).

### IV.   Analysis

The parties do not dispute that plaintiff's federal claims accrued on March 17, 2007. On that date, plaintiff was physically attacked by three inmates, allegedly due to defendants' deliberate indifference to plaintiff's safety. Thus, on March 17, 2007, plaintiff knew of his injuries and the alleged facts supporting his Eighth Amendment claims against defendants. See TwoRivers, 174 F.3d at 991.

California's personal injury statute of limitations accorded plaintiff two years after the accrual of his claims to commence his federal action. See Cal. Code Civ. Proc. § 335.1. Both plaintiff and defense counsel assume that plaintiff had an additional two years to commence this action based on plaintiff's "disability of imprisonment." See Cal. Civ. Proc. Code § 352.1(a).[7] Thus, statutory tolling accorded plaintiff four years after the accrual of his claims, or until March

---

[7] No party addresses whether plaintiff is in fact entitled to tolling based on the disability of imprisonment. Plaintiff refers to himself as a "lifer," see ECF No. 16 at 3, which, literally construed, would render inapplicable the disability of imprisonment. However, resolution of this matter is unnecessary for the reasons discussed below.

17, 2011, to commence the instant action.  However, plaintiff commenced this action more than four years later, on May 5, 2015.  Therefore, absent tolling, the instant action is time-barred.

Although dismissal of plaintiff's prior action without prejudice allowed plaintiff to reassert his claims in a new action as though the prior action had never been filed, see Andrus, 572 F.2d at 665; Elmore, 227 F.3d at 1011; Wood, 20 Cal. 3d at 359, the pendency of plaintiff's prior action did not toll the limitations period because plaintiff filed the instant identical action in the same forum.[8]  As previously explained, it is well established in California that the statute of limitations is equitably tolled on claims in a second-filed action only during the pendency of identical claims in a first-filed action that was pursued in a different forum.  See Addison, 21 Cal. 3d at 317; Elkins, 12 Cal. 3d at 414; Thomas, 95 Cal. App. 4th at 434; Martell, 67 Cal. App. 4th at 985.

Plaintiff commenced his initial action in federal court in the first instance because it was the most appropriate forum.  Plaintiff filed the instant action in the same forum because his first action was dismissed.  These decisions were not driven by considerations supporting equitable tolling in actions brought in different forums.  That is, plaintiff's choice of federal court in the first instance was not one of "several legal remedies" strategically selected "to lessen the extent of his injuries or damage.'"  Cervantes, 5 F.3d at 1275.  Nor did it result in a net savings of time or expense that might otherwise be realized when actions are pursued in alternate "dispute resolution tribunals."  Downs, 58 Cal. App. 4th at 1100.  In contrast to these progressively more efficient scenarios, to allow equitable tolling when a plaintiff brings a subsequent identical action in the same forum "would effectively allow plaintiff to prosecute his argument against these defendants in perpetuity."  Barrier v. Benninger, 1998 U.S. Dist. LEXIS 18796, at *27, 1998 WL 846599, at *9 (N.D. Cal. Dec.1, 1998) (Case No. 98-cv-0650 CAL).

Because equitable tolling applies only to the pendency of the same claims filed in an earlier action in another forum, this court finds equitable tolling inapplicable here.

---

[8] Application of this rule creates the anomalous result that the statute of limitations in the instant case, which expired on March 17, 2011, expired prior to the court's dismissal of plaintiff's prior case on April 25, 2013.

1    The undersigned further finds that the Bollinger rule, which may under limited
2    circumstances support equitable tolling where identical claims are filed in the same forum, does
3    not apply to this case. None of the conditions for applying the rule are present here. The
4    circumstances here differ clearly from those in Bollinger: here plaintiff did not proceed diligently
5    in his prior action, defendants did not engage in dilatory tactics, and this court's dismissal of that
6    action was not erroneous. Cf. Wood, 20 Cal. 3d at 361 (citing Bollinger, 25 Cal. 2d at 406). In
7    other words, no circumstances "attributable to forces outside the control of the plaintiff," Hull, 28
8    Cal. App. 4th at 1336, resulted in a "'technical forfeiture'" of plaintiff's prior case, Addison, 21
9    Cal. 3d at 318-19 (quoting Bollinger, 25 Cal. 2d at 410). On the contrary, the dismissal of
10   plaintiff's prior case was, as he concedes, attributable solely to his own actions.[9]

11   For these reasons, the court finds that the instant action is not subject to any tolling of the
12   limitations period beyond that conferred by California's two-year statute of limitations for
13   personal injury actions, Cal. Code Civ. Proc. § 335.1, and two-year disability of imprisonment,
14   id., § 352.1(a). The filing of this action on May 5, 2015, was well past the March 17, 2011
15   extended statute of limitations and therefore untimely, requiring dismissal of this action with
16   prejudice. "[W]hen a suit is [initially] dismissed without prejudice, the statute of limitations is
17   deemed unaffected by the filing of the suit, so that if the statute of limitations has run the
18   dismissal is effectively with prejudice." Elmore, 227 F.3d at 1011 (citations omitted). "'In such
19   cases, dismissal of the original suit, even though labeled as without prejudice, nevertheless may
20   sound the death knell for the plaintiff's underlying cause of action if the sheer passage of time

---

[9] Plaintiff attests that he "has accepted responsibility for his role in the initial complaint having been dismissed." ECF No. 16 at 2; see also id. at 3 (plaintiff "accept[s] responsibility for his roll (sic) in causing the previous [judge] to dismiss the first case"). Plaintiff states that he accepts responsibility "with sincerity and to show the court he is accountable and remorseful." Id.
  The undersigned previously found that plaintiff's failure to meet deadlines in his first-filed action was neither unreasonable nor in bad faith in light of plaintiff's significant mental health challenges and frequent prison transfers. See ECF No. 21 at 9-14. However, there is no indication that plaintiff's mental health challenges were so significant as to render him without "the legal capacity to make decisions," see Cal. Code Civ. P. § 352(a), and thereby independently toll the statute of limitations under this statutory "disability of insanity," see generally Funtanilla v. Rubles, 2003 WL 21309491, 2003 U.S. Dist. LEXIS 9313 (N.D. Cal. June 3, 2003) (Case No. 99-cv-5425 TEH P).

precludes the prosecution of a new action.'" O'Donnell, 466 F.3d at 1111 (quoting Chico–Velez, 139 F.3d at 59).

Because this court finds the factual and legal issues sufficiently clear to reach this determination with certainty on defendants' motion to dismiss, see Supermail Cargo, 68 F.3d at 1207; Cervantes, 5 F.3d at 1276, the undersigned recommends that defendant's motion to dismiss be granted. Accord, Gonzalez v. Gamberg, 2016 WL 823568, 2016 U.S. Dist. LEXIS 27508 (E.D. Cal. Mar. 3, 2016) (Case No. 2:14-CV-0737 KJM CKD P) (dismissed plaintiff's second-filed prisoner civil rights action on statute of limitations grounds, finding equitable tolling inapplicable to identical claims filed in "sequential federal lawsuits" and the Bollinger rule inapplicable because dismissal of prior action was not erroneous and defendants did not engage in dilatory tactics); Bass v. Tootell, 2015 WL 1222295, at *2-7, 2015 U.S. Dist. LEXIS 33047, at *6-18 (N.D. Cal. Mar. 17, 2015) (Case No. 13-cv-01979 YGR P) (same); Flowers v. Alameda County, 2015 WL 1393582, 2015 U.S. Dist. LEXIS 38802, (N.D. Cal. Mar. 26, 2015) (Case No. 12-cv-03181YGR P) (same); Baldhosky v. Sanchez, 2015 WL 1237746, at *4-6, 2015 U.S. Dist. LEXIS 32941, at *9-13 (E.D. Cal. Mar. 16, 2015) (Case No. 1:14-cv-00166 LJO MJS P) (same), report and recommendation adopted by order filed April 22, 2015 (see case docket).

V.     Conclusion

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that this court's Order and Findings and Recommendations filed May 12, 2016, ECF No. 21, is VACATED.

Further, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss, ECF No. 15, be GRANTED; and

2. This action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

////

failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 10, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE