UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. MITCHELL,<br><br>        Plaintiff,<br><br>    v.<br><br>SNOWDEN, et al.,<br><br>        Defendants. | No. 2:15-cv-1167 TLN AC P<br><br><br>ORDER |

This case is before the district court on remand from the Ninth Circuit Court of Appeals, following this court's dismissal of the action on statute of limitations grounds. The Court of Appeals remanded for this court's consideration of plaintiff's argument that the statute of limitations should be equitably tolled because of his mental illness and multiple prison transfers. See ECF No. 43 (Ninth Circuit's Memorandum opinion in Case No. 16-16848). The undersigned convened a status conference on January 17, 2018, and set a briefing schedule on the issue of equitable tolling. See ECF No. 49. The parties' briefing is now complete. See ECF Nos. 51, 54 & 58.

However, on June 4, 2018, plaintiff filed a motion to strike defendants' responsive brief for noncompliance with the court's order and pursuant to Rule 7(b), Federal Rules of Civil Procedure. See ECF No. 59. Plaintiff requests that the undersigned take judicial notice of the transcript of the January 17, 2018 status conference. See ECF No. 60. That request is granted.

1    Plaintiff contends that: (1) defendants "improperly argued that [plaintiff's] Opening Brief was limited to addressing issues of mental illness and multiple prison transfers," despite the court's permission to brief "any issue pertaining to equitable tolling," ECF No. 59 at 3-4; (2) defendants failed to abide by the undersigned's order that each brief include "attachments . . . of all documentary evidence on which you rely" (Transcript at 4:25 – 5:2 (ECF No. 60 at 7-8)), ECF No. 59 at 3; and (3) defendants failed to abide by the requirement of Rule 7 that motions "state with particularity the ground for seeking the order," Fed. R. Civ. P. 7(b)(1)(B), see ECF No. 59 at 3-4.

The undersigned finds plaintiff's contentions without merit. First, plaintiff does not identify defendants' allegedly improper argument. The court's initial review of the briefs indicates they are properly limited to "briefing purely on the issue of equitable tolling" (Transcript at 3:13-14, (ECF No. 60 at 6)), principally addressing plaintiff's mental illness and multiple prison transfers, as directed by the Court of Appeals, as well as "equitable tolling based on remedies that [plaintiff] pursued" (Transcript at 4:15-16 (ECF No. 60 at 7)). Second, plaintiff does not identify any documentary evidence upon which defendants rely that they fail to provide. Because plaintiff bears the burden of establishing his entitlement to equitable tolling, defendants' submission of a single document (a record of plaintiff's external movements (prison transfers)), is unremarkable. Defendants are not precluded from arguing about the interpretation and significance of plaintiff's evidence, and the court's order was not intended to require defendants to reproduce plaintiff's evidence. Third, it is clear from the procedural posture of the case that the matter before the court remains defendants' motion to dismiss the action on statute of limitations grounds (ECF No. 15), which plaintiff opposes with an assertion of equitable tolling. The Court of Appeals reversed the district court's previous ruling on the motion to dismiss, and the briefing ordered after appointment of counsel on remand is supplemental to the original briefing on the motion.

For all these reasons, plaintiff's motion to strike will be denied without requiring a response from defendants.

////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for judicial notice, ECF No. 60, is granted.

2. Plaintiff's motion to strike, ECF No. 59, is denied.

3. The parties' briefing is now complete and the matter is submitted.

IT IS SO ORDERED.

DATED: June 5, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE